Lessee of M'KINZIE and another *against* CROW and others.

*Pittsburg, Friday,* September 8.

A paper, purporting to be a survey on an application belonging to an assistant deputy surveyor, found among the assistant's papers at his death, but without any signature, or any evidence about it that it had been seen and recognized by his principal, is not evidence of a survey.

A survey made by an assistant deputy surveyor for himself, is of no validity until it is recognized by his principal.

*Qu.* Whether a survey made by a deputy surveyor for himself has any validity until it is accepted by the surveyor general.

THIS was an appeal from the decision of Judge YEATES, at the *Bedford* Circuit Court in *October* 1807.

The lessors of the plaintiff claimed the premises in the ejectment under an application of the 24th *February* 1767, for 300 acres, in the name of *Thomas Thompson*, who by deed, in consideration of five shillings, conveyed to *Robert M'Kinzie*. It was proved, upon the trial of the cause, that *Robert M'Kinzie* was an assistant of *Richard Tea*, deputy surveyor, and that in the year 1767, he made surveys for *Tea* in that part of the country where the land in dispute was situated; and there was some proof of marked trees in the lines claimed by the plaintiff, but it did not appear at what time the lines were marked. In order however to prove the precise survey, the plaintiff offered in evidence a paper said to have been found among the papers of *Robert M'Kinzie*, who died in 1777. On this paper was laid down a survey on the application of *Thomas Thompson*, and a return by which the survey was said to be made on the 15th *May* 1767. But the return was not signed, nor did it appear that it had ever been in the office of *Richard Tea*, or that any fees had been paid to him, or that he had in any manner recognized the survey. His Honour refused to admit the evidence, and the jury found a verdict for the defendant.

A motion was then made for a new trial upon the ground of the refusal, which was overruled; and the plaintiff appealed to this court, where the point was now argued by *S. Riddle* for the plaintiff, and by *Woods* for the defendant.

1809.

Lessee of M'Kinzie v. Crow.

Tilghman C. J., after stating the facts, delivered his opinion as follows:

It has often been decided that where a deputy surveyor makes a survey, and does not return it, the owner of the warrant or application shall not be prejudiced by the default of the officer. The reason of this is manifest. The surveyor was not the agent of the warrant holder, but an officer appointed by the government, who granted the land. It was his duty to make the return, and if not made, it was his fault. But the case before us is very different. Here is a title set up under the very man who has been guilty of the grossest negligence. I think it would have been more proper in Mr. *Tea*, if he had employed some other person to make the survey on an application belonging to *M'Kinzie;* but perhaps he did not know that *M'Kinzie* owned it. Be that as it may, the survey made by *M'Kinzie for himself*, was of no validity till recognized by his principal. The paper offered in evidence has no official mark about it. It is signed by nobody. There is no indorsement to make it appear that it was ever filed in any office; and if it was really supposed by *M'Kinzie* to be an actual survey, it is unaccountable that he should have suffered it to remain ten years in his own possession, when he must have known that it was his duty to return it to his principal. From the circumstances of the case, there is a strong presumption that *M'Kinzie* did not consider the paper as of any validity; and I think it would be of very dangerous consequence, if after forty years, it should be suffered to be set up as an official paper. This court has gone great lengths in the admission of papers found in the possession of the family of deceased officers, in order to throw all possible light on the trial of a cause; but they have never gone so far as is asked in this case. I am of opinion that the evidence was properly rejected, and that the judgment of the Circuit Court be affirmed.

Brackenridge J. The paper in question is but evidence of an invalid act. Admit the fact of a survey by *M'Kinzie* for himself. The question will be, had he power to make such a survey? It is not within the commission to survey for himself. It is not within the instructions of the surveyor general to the deputy to survey for himself *the deputy*. It is by

the *ratihabitio* only of the surveyor general, or the proprietaries themselves, that the survey could become valid. It has not reached that point; and is therefore without foundation to support it. Had this paper purported to be a survey made for a third person, it would have been evidence. Where a survey has been actually made on the ground, that is, where traces of a survey are to be found, I scarcely know any thing that has not been admitted, found in the office of a surveyor, that has had relation to it. I might express myself by a strong figure, and say, that almost the *sweepings of an office* had been admitted to go to the jury to be weighed by them under the direction of the court. *Length of time* does not weigh with me in excluding this paper. It is on the ground of being an *invalid* act. There is nothing to make it the act of the surveyor general. It has not been found in his office. There is no mark by *him*, and no handwriting of *his* upon it, so that it could be inferred that he ever saw it, or recognized it. It could not otherwise be considered as having validity.

In the case of a grant, the parties are three; the grantor or vendor, who in this case, was what are called the proprietaries; the grantee or purchaser; and the office to carry that grant into effect. The officer is to be considered in the light of an agent for both. He is employed to measure off the land to be transferred, to locate the application, or warrant. It is not the understanding that he shall do this for himself. It is contrary to good policy to admit it; it has been the source of much mischief to sanction it. The deputy ought not to appear in it; nor the surveyor general as surveying for himself; and it could not be valid until ratified by the owner of the soil expressly, or by necessary implication. The policy of the law will not allow a sheriff or cryer to purchase for himself. It is uniting two characters in the same person, which are inconsistent with each other. It leads to fraud.

We have here, therefore, a document of a survey made without authority prior to the act, and without sanction subsequent. There is but the application to rest upon, and this, without a survey, cannot support an ejectment. It is alleged that the defendant knew of this survey being made upon the ground. But if the survey made was without authority, and invalid, the having knowledge of it cannot affect it. Even the thinking it good cannot make it good. Were the defendant

1809.

Lessee of M'Kinzie v. Crow.

plaintiff, this might be alleged as constituting some equity against him, and be in the way of recovering possession. But here he rests on his possession, and the plaintiff must recover by his own strength. He has not made out a good title, unless the survey could be given in evidence; and this survey not being by authority, cannot. Had it gone to the jury, they must have been told that it could not weigh; and therefore why should it go?

Judgment affirmed.